Curia, per
Evans, J.
The sheriff’s liability to be attached, depends on the order made by consent on the 20th October; and it would not be right to connect with the decision of this case any thing which happened before that time. The plaintiff then consented to take an order for an attachment nisi, allowing the sheriff until the sale day in December, to sell Anderson’s property, and pay over the money. The sheriff did so, as far as he was able. Only a small amount remained unsold, and that was because he was unable during the legal hours of sale to effect it. It is only in this particular that this case differs from M'Lean vs. Dubose, 1 Bailey, 646. As far as practicable, equal and even handed justice should be dealt to all. We must not have one rule for the sheriff of Darlington, and a different rule for the sheriff of Anderson. The order for an attachment carries along with it the idea that the sheriff is in some default. If it be gross neglect, the court orders him to be attached forthwith for his contemptuous disregard of the process of the court; if the neglect be slight, or the plaintiff assents, the order usually allows time for the sheriff to do what the writ commands; to wit: to sell the defendant’s property, and pay over the money. If within *92 the time he collects and pays the money, the attachment does not issue; and if he sells within the time all the defendant’s property, and pays it over according to law, he has performed, as far as was within his power, that, for the non-performance of which, the attachment was ordered to be issued. If he had executed the mandate before court, no attachment could have been ordered. If he does so afterwards, and within the time allowed him, he is no longer in contempt, according to the case of M'Lean vs. Dubose. The only difference between that case and this is, that here, for want of time at the sale day in December, some small part of Anderson’s goods remained unsold until January. This does not appear to have been the sheriff’s fault, and certainly has not operated to the prejudice of the plaintiff, Connor, as no part of the money would go to the satisfaction of his case. We do not think the Act of 1839 has made any alteration in the law. That Act seems to be a mere collection into one Act of the laws regulating the sheriff’s duties and liabilities. The motion is dismissed.
Richardson, O’Neall and Earle, JJ,, concurred.